UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA



UNITED NATIONAL INSURANCE
COMPANY

VERSUS

CITY OF ST. GABRIEL, LOUISIANA

CIVIL ACTION

NO. 08-575-JVP-SCR

## RULING AND ORDER

This matter is before the court on a motion by defendant, City of St. Gabriel, Louisiana, to stay the proceedings in this case pending adjudication of the issues by the Eighteenth Judicial District Court, Parish of Iberville, State of Louisiana (doc. 20). Plaintiff, United National Insurance Company ("United National"), opposes the motion (doc. 22). Jurisdiction is based upon 28 U.S.C. § 1332. The matter is now submitted and there is no need for oral argument.

## FACTS AND PROCEDURAL HISTORY

On July 6, 2004, Antoinette M. Rider ("Rider") filed a petition in the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana, naming the City of St. Gabriel, the City of St. Gabriel Chief of Police, and the mayor the City of St. Gabriel as defendants (Rider petition). The petition alleges that Rider was injured on June 29, 2000, while working as a City of St. Gabriel police officer, and was disabled for a period of about a year. Upon her return to work, she was assigned to

1

"light duty status" pursuant to her doctor's orders and she performed in that role until her termination on July 3, 2003. According to the petition, the City of St. Gabriel cited a work-force reduction as the reason for Rider's termination, but she was replaced by a less-qualified, male police officer. (Rider petition, ¶¶ 2-5). Though the individual defendants and several of the charges against the City of St. Gabriel have been dismissed, Rider's claims of disability discrimination and gender discrimination against the City of St. Gabriel are still pending in the state court action (original complaint).

On September 11, 2008, United National instituted this action for declaratory judgment on the issues of whether it is required to continue its defense of the City of St. Gabriel and whether it will be required to indemnify the City of St. Gabriel in the event the city is found liable in the state court action. United National maintains that it issued to the City of St. Gabriel a Public Officials Professional and Employment Practices Liability policy that was in effect at all times relevant to the state action and that provided that the city was the primary insured under the policy (original complaint, ¶ 5). Though not named as a defendant in the original petition, United National maintains that it has thus far defended the various defendants while expressly reserving its right to disclaim insurance coverage and discontinue the defense at any time. (*Id.* at ¶ 30). United National further asserts that the policy issued to the City of St. Gabriel excludes coverage for either of the claims remaining

in the *Rider* suit. (*Id.* at ¶ 31; doc. 12). Defendant denies plaintiff's allegations that the policy excludes coverage of the claims remaining in the *Rider* suit (answer, ¶ 31; doc. 11).

On January 6, 2009, plaintiff moved for summary judgment, contending that the policy at issue clearly and unambiguously excludes coverage of the remaining claims in Rider's suit against the City of St. Gabriel (doc. 14). On January 26, 2009, defendant moved for an extension of time to oppose the motion for summary judgment and the court extended the deadline to February 26, 2009 (docs. 18, 19, respectively). On that date, defendant filed the current motion to stay the proceedings (doc. 20).

Defendant contends that a stay is appropriate because: (1) it has now filed a third party petition against United National in the state court action where all of the matters in controversy can be fully litigated; (2) all of the declaratory issues concern state law; and (3) staying the federal suit serves the purpose of judicial economy (doc. 21).

Plaintiff argues that a stay is not appropriate because: (1) there were no parallel state court proceedings when the declaratory judgment action was filed; and (2) under the tests articulated by the Supreme Court and the Fifth Circuit, abstention would not be appropriate (doc. 22).

## LAW AND DISCUSSION

28 U.S.C. § 2201 provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

"'Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc., et al.*, 149 F.3d 371, 372 (5th Cir. 1998) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995). The Supreme Court in *Wilton* discussed in the following terms federal district courts' discretion to abstain from entering a declaratory judgment action in deference to pending, parallel state court proceedings:

> [I]n deciding whether to enter a stay, a district court should examine the scope of the pending state court proceeding and the nature of defenses open there. This inquiry, in turn, entails consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc. Other cases ... might shed light on additional factors governing a district court's decision to stay or to dismiss a declaratory judgment action at the

4

> outset. But[,] at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference, if it permitted the federal declaratory action to proceed.

*Agora Syndicate*, 149 F.3d at 373-73 (quoting *Wilton*, 515 U.S. at 283, 115 S.Ct. at 2141).

Though a pending, parallel state court proceeding now exists in which all matters in controversy could be fully litigated, the City of St. Gabriel did not join United National in that state court proceeding until: (1) over five months after United National had instituted this action, (2) a motion for summary judgment had been filed in this court, and (3) the city had moved for, and been granted, an extension of time to oppose the motion.

Under these circumstances, the court can hardly be considered to be indulging in gratuitous interference by allowing the present declaratory judgment action to proceed. Defendant has not shown that this court presents is an inconvenient forum or that any inequities will result from allowing the declaratory judgment action to proceed here. The court therefore concludes that allowing the declaratory judgment action to proceed in this court serves the purposes of judicial economy such that a stay is not warranted.

5

## CONCLUSION

Accordingly, the motion by defendant, City of St. Gabriel, Louisiana, to stay the proceedings in this case pending adjudication of the issues by the Eighteenth Judicial District Court, Parish of Iberville, State of Louisiana (doc. 20) is hereby **DENIED**, and defendant is hereby **ORDERED** to oppose or otherwise plead in response to the pending motion for summary judgment filed by the plaintiff, United National Insurance Company, (doc. 14) within ten days of this date.

Baton Rouge, Louisiana, March 25, 2009.

                                                             _____
                                                             JOHN V. PARKER
                                                             UNITED STATES DISTRICT JUDGE
                                                             MIDDLE DISTRICT OF LOUISIANA