UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED NATIONAL INSURANCE COMPANY | |
| VERSUS | CIVIL ACTION |
| CITY OF ST. GABRIEL, LOUISIANA | NO. 08-575-JVP-SCR |

## REASONS FOR PARTIAL SUMMARY JUDGMENT

This declaratory judgment action is before the court on a motion by plaintiff, United National Insurance Company ("United National"), for partial summary judgment (doc. 14). Jurisdiction is based upon 28 U.S.C. § 1332. Defendant opposed the motion (doc. 25) and plaintiff replied to the opposition (doc. 28). On May 18, 2009, the parties presented oral arguments. After oral argument, the court granted the motion for partial summary judgment, stating that written reasons would follow.

### FACTS AND PROCEDURAL HISTORY

On July 6, 2004, Antoinette M. Rider ("Rider") filed a petition in the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana, naming the City of St. Gabriel, the City of St. Gabriel Chief of Police, and the mayor the City of St. Gabriel as defendants (Rider petition). The petition alleges that Rider was injured

1

on June 29, 2000, while working as a City of St. Gabriel police officer and was disabled for about a year. Upon her return to work, she was assigned to "light duty status" pursuant to her doctor's orders and she performed in that role until her termination on July 3, 2003 (Rider petition, ¶¶ 2-4).

According to the petition, the City of St. Gabriel cited a work-force reduction as the reason for Rider's termination, but she was replaced by a less-qualified, male police officer. (Rider petition, ¶ 5). Though the individual defendants and several of the charges against the City of St. Gabriel have been dismissed, Rider's claims of disability discrimination and gender discrimination against the City of St. Gabriel are still pending in the state court action (original complaint).

On September 11, 2008, United National instituted this action for declaratory judgment on: (1) whether it is obligated to continue its defense of the City of St. Gabriel in the state court action, and (2) whether it is obligated to indemnify the City of St. Gabriel in the event the city is found liable in the state court action. United National asserts that it issued to the City of St. Gabriel a Public Officials Professional and Employment Practices Liability policy that was in effect at all times relevant to the state action (original complaint, ¶ 5). Though not named as a defendant in the original petition, United National maintains that it has thus far defended the various defendants while expressly reserving its right to disclaim insurance coverage and discontinue the defense at any time. (*Id.* at ¶ 30). United National further asserted

that the policy issued to the City of St. Gabriel excludes coverage for the remaining claims in the *Rider* suit. (*Id*. at ¶ 31; doc. 12). Defendant denied plaintiff's assertion that the policy excludes coverage of the claims remaining in the *Rider* suit (answer, ¶ 31; doc. 11).

On January 6, 2009, plaintiff filed the current motion for partial summary judgment.[1] Plaintiff argued that the policy at issue clearly and unambiguously excludes coverage of damages that may be awarded as a result of the remaining claims in Rider's suit against the City of St. Gabriel (doc. 14). Defendant opposed the motion and argued that plaintiff is obligated to indemnify it for the damages claimed by Rider, either because the policy fails to exclude the damages claimed, or because pertinent provisions of the policy are inconsistent and ambiguous (doc. 24, p. 2).

In its statement of undisputed facts, defendant set forth the following facts that it claimed were material to the motion before the court, as required by Uniform Local Rule 56.1. The material responses of plaintiff are noted in footnotes where appropriate.[2]

---

[1]Though the complaint also raises a claim regarding plaintiff's obligation to defend the City of St. Gabriel in the *Rider* suit, the motion for partial summary judgment sought a ruling only on plaintiff's claim that it is not obligated to indemnify the city if damages are awarded in the *Rider* action.

[2]LR 56.2 provides:
> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material

1. United National issued a policy of Public Officials Professional and Employment Practices Liability insurance to defendant, the City of St. Gabriel, which bears policy number LPO 0004005 ("the policy"), and features a policy period of April 19, 2004 to April 19, 2005.

2. The "Exclusions" portion of the policy provides in relevant part as follows:

   This insurance does not apply to any claim or suit against the insured:
   * * *
   d. for any damages arising from bodily injury, sickness, emotional distress, mental anguish, humiliation, disease or death of any person or for damages to or destruction of any property, including diminution of value or loss.[3]
   * * *
   j. seeking relief or redress in any form other than compensatory damages. We will not have any obligation to pay on behalf of the insured any costs, fees, including insured's and claimant's attorneys fees, or expenses which the insured shall become obligated to pay as a result of any claim or suits seeking relief or redress in any form other than compensatory damages; however, we will afford defense to the insured for such claims or suits, if not otherwise excluded where compensatory damages are requested.[4]
   * * *

---

facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

[3]Defendant concedes that it is reasonable to interpret Exclusion(d) as specifically excluding inconsequential damages, but maintains that it is also reasonable to interpret the policy as covering consequential damages for wrongful termination. Thus, defendant argues, Exclusion (d) is ambiguous (doc. 25, ¶ 3).

[4]Defendant asserts that it is reasonable to interpret Exclusion (j) as covering compensatory damages but maintains that it is also reasonable to interpret Exclusion (m) as excluding those same compensatory damages. Thus, defendant argues, the provisions are contradictory and ambiguous (doc. 25, ¶ 2).

4

    m.    for back wages, future wages, overtime or similar claims, even if designated as liquidated damages, or claims or suits arising from collective bargaining agreements.[5]

3. On July 6, 2004, defendant's former employee, Antoinette Rider, filed a petition for damages in the Eighteenth Judicial District Court for the Parish of Iberville, naming as defendants, the City of St. Gabriel, George Grace, Sr. (the city's mayor), and Kevin Ambeau, Sr. (the city's Chief of Police).

4. Ms. Rider alleged in her lawsuit that she was wrongfully terminated because of her handicap or disability, and gender (female) in violation of LSA–R.S. 23:301. and LSA–R.S. 46:2256.

5. Ms. Rider additionally alleged that she was wrongfully terminated because of her religion in violation of the Fourteenth Amendment of the United States Constitution; Article I, Section 3 of the Louisiana State Constitution, and other laws of Louisiana, specifically LSA–R.S. 23:301 and LSA–R.S. 46:3356.

6. Ms. Rider alleged that defendants violated her right to be free from discrimination and retaliation based on her sex, religion, and disability under 42 U.S.C. § 1983 and LSA–R.S. 23:301, et seq.[6]

7. Ms. Rider claimed that defendants' actions caused her damages, including, but not limited to: past, present and future severe emotional distress, humiliation, embarrassment, mental anguish, lost wages and related benefits, loss of earning capacity, past, present and future medical expenses, pain and suffering.

8. Ms. Rider prayed for back pay and benefits, and reinstatement to her previous position as a patrol officer in the City of St. Gabriel's police department, or alternatively, that she receive front pay and benefits.

9. Ms. Rider also prayed for all damages reasonable under the circumstances, including legal interest from the date of judicial demand until paid, reasonable

---

[5]See *supra*, note 3.

[6]Though plaintiff incorrectly cites the source of the federal rights allegedly violated, the rights themselves are not at issue.

5

attorney's fees, costs, and any other damage, penalties or sanctions reasonable under the circumstances as allowed by law.

10. The only claims still asserted by Ms. Rider against the City of St. Gabriel are her claims of gender discrimination and disability discrimination; all other claims have been dismissed.

11. To date, United National has provided for the defense of the City of St. Gabriel, Chief Ambeau and Mayor Grace under a reservation of rights letter issued by Murdock Claims Management on September 22, 2004.

## LAW AND DISCUSSION

28 U.S.C. § 2201 provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). The non-movant's burden,

however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. V. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Because this is a diversity action, Louisiana substantive law applies. See *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). "Questions of Louisiana law are resolved 'the way the Louisiana Supreme Court would interpret the [law] based on precedent, legislation, and relevant commentary.'" *Molden v. Georgia Gulf Corp.*, 465 F.Supp.2d 606, 610 (M.D.La. 2006) (quoting *Occidental Chemical Corp. V. Elliott Turbomachinery Co., Inc.*, 84 F.3d 172, 175 (5th Cir. 1996)).

The facts are not in dispute.[7]  At issue is whether the contract is ambiguous

---

[7]Though defendant responded to plaintiff's statement of undisputed facts, the response consisted only of conclusions of law and as such did not controvert the facts submitted by plaintiff. Thus, pursuant to Uniform Local Rule 56.2, the facts submitted by plaintiff are deemed admitted. See *supra*, n. 1.

7

regarding coverage of the damages claimed by Ms. Rider. "The determination of whether a contract is clear or ambiguous is a question of law." *Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577, 580, 580 (La.2003); *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas..* "When the words of the contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ.Code art. 2046. See also, *Texas Eastern Transmission Corp. v. Amerada Hess Corp.*, 145 F.3d 737, 741 (5th Cir. 1998); (holding that "when the contract is not ambiguous, [the court] has no authority to reach beyond the four corners of the document"); *Huggs, Inc. v. LPC Energy, Inc.*, 889 F.2d 649, 653 (5th Cir. 1989) (same).

"A provision susceptible of different meanings must be interpreted with a meaning that renders it effective and not with one that renders it ineffective." La.Civ.Code art. 2049. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La.Civ.Code art. 2050. "When the parties intend a contract of general scope, but to eliminate doubt, include a provision that describes a specific situation, interpretation must not restrict the scope of the contract to that situation alone." La.Civ.Code art. 2052. However, if the insurance policy is susceptible of two or more reasonable interpretations, then it is considered ambiguous and must be liberally construed in favor of coverage. *Vintage Contracting, L.L.C. v. Dixie Building*

8

*Material Co., Inc.* 858 So.2d 22, 26 (5th Cir. 2003). See also La.Civ.Code 2056 ("In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text."). "An insurance contract, however, should not be interpreted in an unreasonable or strained manner under the guise or contractual interpretation to enlarge or restrict its provisions beyond what is reasonably contemplated by unambiguous terms to achieve an absurd conclusion." *Mayo v. State Farm Mut. Auto Ins. Co,*, 869 So.2d 96, 99 (La.2004).

With these principles in mind, the court first considers whether Exclusion (d) is ambiguous. After careful consideration of the plain language of the policy, the court concludes that it is not ambiguous and that it serves to effectively limit the damages covered by the policy.

Section I of the policy provides in pertinent part:

> We will pay on behalf of the insured those sums that the insured becomes legally obligated to pay as damages resulting from claims, to which this insurance applies against the insured by reason of public officials wrongful acts or employment practices wrongful acts rendered in discharging duties on behalf of the public entity named in the declarations. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS.

(Policy, § I(1)(a)).

"Damages" are defined in Section VI as follows:

9

> Damages include, but is not limited to money damages, judgments and settlements, consequential damages, and subject to all policy terms and conditions, any plaintiff attorney's fees awarded against the insured. Damages do not include criminal or civil fines or penalties;
> a. Criminal or civil fines or penalties; [sic][8]
> b. Taxes;
> c. Salaries, wages or overhead expense of any insured; or
> d. Amounts uninsurable under applicable law according to which this policy may be construed.

(Policy, § VI(2)).

Section I(2) of the policy lists the exclusions. Exclusion (d) provides as follows:

> This insurance does not apply to any claim or suit made against the insured:
>
> * * *
>
> d. For any damages arising from bodily injury, sickness, emotional distress, mental anguish, humiliation, disease or death of any person, or for damages to or destruction of any property, including diminution of value or loss of use.

(Policy, § I(2)(d)).

The policy first sets forth the general description of the damages it is obligated to pay under the policy. Exclusion (d) then limits that coverage by unambiguously excluding, *inter alia*, bodily injury, sickness, emotional distress, mental anguish and humiliation. Accordingly, the court finds that Exclusion (d) unambiguously excludes

---

[8]Though the provision is redundant, it is not ambiguous.

10

damages that might be awarded under Rider's claims of emotional distress, humiliation, embarrassment, and loss of reputation.

The court next turns to defendant's assertion that Exclusion (j) is ambiguous, because, while the policy "limits its coverage to 'consequential damages,'" Exclusion (j) "implies" coverage for those same compensatory damages and is therefore ambiguous (doc. 24, p. 3).

Exclusion (j) provides:

> This insurance does not apply to any claim or suit made against the insured:
>
> * * *
>
> (j)   Seeking relief or redress in any form other than compensatory damages. We will not have any obligation to pay on behalf of the insured any costs, fees, including insured's anc claimant attorneys fees, or expenses which the insured shall become obligated to pay as a result of any claim or suit for injunctive relief, declaratory relief, or claims or suits seeking relief or redress in any form other than compensatory damages; however we will afford defense to the insured for such claims or suits, if not otherwise excluded, where compensatory damages are requested.

(Policy, § I(2)(j))(emphasis added).

11

In support of its contention that the policy limits coverage to consequential damages, defendant notes the following definition:[9]

> Employment practices wrongful acts means any actual or alleged errors, misstatements, misleading statements, acts or omissions, neglect or breach of duty, individually or collectively including actual or alleged:
> a.  Refusal to employ;
> b.  Termination of employment;
> c.  Coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, discrimination or other employment-related practices, policies, acts or omissions; or
> d.  Consequential damages as a result of a. through c. above.
>
> This also includes any obligation to share damages with or to repay someone else who must pay damages. The term employment practices wrongful acts does not include public officials wrongful acts.

(Policy, § VI((3)).

Though the definition of "employment practices wrongful acts" references consequential damages, it does so only in the context of defining "employment practices wrongful acts." Nothing in that definition suggests that the policy excludes compensatory damages from coverage. To construe it in such a manner would be contrary to Article 2050 of the Louisiana Civil Code, which requires each provision

---

[9]Defendant does not reference the definition directly, but instead, cites plaintiff's memorandum at page 2, which sets forth the definition (doc. 24, p. 3, (*citing* doc. 14-2, p. 2).

to be interpreted in light of other provisions so that each is given the meaning suggested by the contract as a whole.

The court concludes that Exclusion (j) unambiguously excludes from coverage any costs, fees, attorneys' fees, or other expenses incurred by the City of St. Gabriel as a result of Rider's claim for injunctive relief.

Defendant also argues that Exclusions (m) and (j) are ambiguous because they are inconsistent. Exclusion (m) provides:

> This insurance does not apply to any claim or suit made against the insured:
>
> * * *
>
> m.   for back wages, future wages, overtime or similar claims, even if designated as liquidated damages, or claims or suits arising from collective bargaining agreements.

(Policy, § 1(2)(m)).

The court finds no merit in defendant's assertion that Exclusions (j) and (m) are inconsistent, and therefore, ambiguous. Though Exclusion (j) precludes coverage of claims seeking relief or redress in any form other than compensatory damages, it does not inevitably follow that the policy must therefore cover all types of compensatory damages. The court concludes that Exclusion (d) unambiguously excludes coverage of claims for back wages, future wages, overtime or similar claims.

13

For the foregoing reasons, the court finds that there is no genuine issue of material fact, and the Pubic Officials Professional and Employment Practices Liability Insurance policy (policy number LPO 0004005) issued by plaintiff, United National Insurance Company to defendant, the City of St. Gabriel, excludes coverage of the damages sought by Antoinette Rider in her wrongful termination action against the city.

Moreover, during oral argument, plaintiff's counsel acknowledged that, though the policy does not require United National to indemnify the City of St. Gabriel for any damages that may be awarded in the *Rider* suit, it does require United National to defend the city against the remaining claims.[10] Because the court's ruling on the motion for summary judgment addresses plaintiff's claim regarding indemnification, plaintiff's admission that the policy requires it to provide a defense against the remaining claims resolves the only remaining claim asserted in this action.

## CONCLUSION

For the reasons stated herein and at the hearing on the motion, the Public Officials Professional and Employment Practices Liability Policy, issued by plaintiff, United National Insurance Company, to defendant, City of St. Gabriel, and bearing policy number LPO 0004005, obligates United National Insurance Company to

---

[10]Plaintiff's counsel admitted that the policy obligated United National to provide a defense for the City of St. Gabriel in the event that a claim was asserted against it based upon an allegation of improper employment practices.

14

provide a defense for the City of St. Gabriel against the remaining claims in the *Rider* suit, but does not obligate United National Insurance Company to indemnify the City of St. Gabriel for damages which may be awarded to Antoinette M. Rider in that action.

The parties are hereby **ORDERED**, within 10 days of this date, to submit a joint, proposed judgment that dismisses this action in accordance with the foregoing discussion.

Baton Rouge, Louisiana, May 19th, 2009.

```
                                    JAMES J. BRADY
                                    UNITED STATED DISTRICT JUDGE
                                    FOR:
                                    JOHN V. PARKER
                                    UNITED STATES DISTRICT JUDGE
                                    MIDDLE DISTRICT OF LOUISIANA
```

15