UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED NATIONAL INSURANCE
COMPANY

VERSUS

CITY OF ST. GABRIEL, LOUISIANA

CIVIL ACTION

NO. 08-575-JVP-SCR

FILED
U.S. DIST COURT
MIDDLE DIST OF LA

2009 AUG 13 P 2: 30

BY DEPUTY CLERK

**RULING ON MOTION TO INTERVENE**

This action for declaratory judgment is before the court on a motion by Antoinette Rider to intervene as a third party beneficiary of Policy No. LPO 0004005, "Public Officials Professional and Employment Practices Liability Coverage," an insurance policy issued to the City of St. Gabriel, Louisiana ("City of St. Gabriel") by United National Insurance Company ("United National") (doc. 33). Plaintiff, United National, has opposed the motion (doc. 34). Jurisdiction is based upon 28 U.S.C. § 1332.

On July 6, 2004, Antoinette M. Rider ("Rider") filed a petition in the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana, naming the City of St. Gabriel, the City of St. Gabriel Chief of Police, and the mayor the City of St. Gabriel as defendants (Rider petition).[1] The petition alleges that Rider was injured

---

[1] The record indicates that Rider did not join United National as a defendant in the state court action, though the City of St. Gabriel filed a third party complaint against United National, seeking indemnification in the event of an adverse judgment in the state court action.

1

on June 29, 2000, while working as a City of St. Gabriel police officer and was disabled for about a year. Upon her return to work, she was assigned to "light duty status" pursuant to her doctor's orders and she performed in that role until her employment was terminated on July 3, 2003 (Rider petition, ¶¶ 2-4).

According to the petition, the City of St. Gabriel cited a work-force reduction as the reason for Rider's termination, but she was replaced by a less-qualified, male police officer. (Rider petition, ¶ 5). Though the individual defendants and several of the charges against the City of St. Gabriel have been dismissed, Rider's claims of disability discrimination and gender discrimination against the City of St. Gabriel are still pending in the state court action (original complaint).

On September 11, 2008, United National instituted this action for declaratory judgment on: (1) whether it is obligated to continue its defense of the City of St. Gabriel in the state court action, and (2) whether it is obligated to indemnify the City of St. Gabriel in the event the city is found liable in the state court action. United National also prayed for "such other and further relief, legal or equitable, general or specific, as the Court may deem appropriate, including but not limited to an award of the attorney's fees, costs and disbursements incurred by United National in this action" (original complaint).

On January 6, 2009. United National moved for partial summary judgment, arguing that the policy at issue clearly and unambiguously excludes coverage of any

damages that may be awarded in the state action (doc. 14). The City of St. Gabriel opposed the motion and argued that plaintiff is obligated to indemnify it for the damages claimed by Rider, either because the policy fails to exclude the damages claimed, or because pertinent provisions of the policy are inconsistent and ambiguous (doc. 24, p. 2). The record indicates that, because United National had been joined by the City of St. Gabriel as a third party defendant in the state action, United National, on April 6, 2009, filed a declinatory exception of *lis pendens,* seeking dismissal at the sole cost of the third party plaintiff, City of St. Gabriel (*see* doc. 34, Ex. 2). The record further demonstrates that, on May 28, 2009, noting that no timely opposition had been filed to the exception of *lis pendens*, the state court granted the exception and dismissed United National from the state action (*see id.,* Ex. 4).

After thoroughly reviewing the policy at issue and considering the arguments of counsel, including a May 18, 2009 hearing on the matter, the court concluded that the policy issued to the City of St. Gabriel is clear and unambiguous and obligates United National to provide a defense for the City of St. Gabriel in the state action, but does not obligate it to indemnify the City of St. Gabriel for any damages that may be awarded (doc. 31). Judgment was rendered accordingly on June 3, 2009.

On June 17, 2009, Antoinette Rider filed the present motion to intervene in this action, arguing that she has an interest in the action, that it may impair or impede her

3

ability to protect her interest, and that no present party can adequately represent her interest in the matter. Rider also argues that she is a necessary party and that the judgment issued by this court on June, 3, 2009 was not a final judgment. Rider further states in her memorandum in support of intervention that she intends to move the court to vacate the judgment and grant a new trial.

## LAW AND DISCUSSION

Rule 24 of the Federal Rules of Civil Procedure provides in pertinent part:

> (a) On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed.R.Civ.P. 24(a).

"The determination of whether a contract is clear or ambiguous is a question of law." *Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577, 580, 580 (La.2003); *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas.*, 630 So.2d 759, 764 (La.1994). "When the words of the contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ.Code art. 2046. See also, *Texas Eastern Transmission Corp. v.*

*Amerada Hess Corp.*, 145 F.3d 737, 741 (5th Cir. 1998); (holding that "when the contract is not ambiguous, [the court] has no authority to reach beyond the four corners of the document"); *Huggs, Inc. v. LPC Energy, Inc.*, 889 F.2d 649, 653 (5th Cir. 1989) (same).

Judgment was rendered in this action pursuant to the court's determination that, as a matter of law, the policy at issue is clear and unambiguous. Because the contract is clear and unambiguous, the court had no authority to reach beyond the four corners of the document. Thus, even if the court were to assume, without deciding, that movant would otherwise be able to meet her burden of demonstrating that she is entitled to intervention of right, she clearly cannot demonstrate that the existing parties have not adequately represented her in this action.

## CONCLUSION

Accordingly, the motion by Antoinette M. Rider to intervene (doc. 33) is hereby **DENIED**. Plaintiff's prayer for attorney's fees and costs being the only claim remaining before the court, that issue is hereby referred to United States Magistrate Judge Stephen Riedlinger.

Baton Rouge, Louisiana, August 13th, 2009.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA